<table>
<tr><td>CHRIS CHRISTIE<br>Governor<br><br>KIM GUADAGNO<br>Lt. Governor</td><td>**State of New Jersey**<br>OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112</td><td>JEFFREY S. CHIESA<br>Attorney General<br><br>CHRISTOPHER S. PORRINO<br>Director</td></tr>
</table>

March 26, 2012

Hon. Karen M. Williams, U.S.M.J.
Mitchell H. Cohen Federal Courthouse, Room 2040
1 John F. Gerry Plaza
Camden, New Jersey 08101

    RE:    Daniel Freid v New Jersey State Police
                Dkt. No. 11-cv-02578 RMB)

Dear Judge Williams:

    I represent the State defendants in the above referenced matter, both organizational and individual. Plaintiff alleges violations of his federal civil rights occurring during the course of a roadside incident in which the State Police responded to citizens calls about an "erratic driver".

    On March 16, 2012 I faxed and sent, via regular mail, correspondence to plaintiff's counsel expressing my frustration with plaintiff's unresponsiveness to continued discovery demands. (See attached). Because I had extended several extensions to counsel for responses that were already overdue at that time, I set a deadline of Friday, March 23, for a full and complete response to all outstanding demands and forms to be signed. (See attached).

    On March 23, I received a fax response to Item Number 3 (Deficiency Letter) in the March 16 correspondence, although even that reply was neither complete nor fully responsive to the particulars of that Deficiency Letter. I received nothing else regarding the other items mentioned in the March 16 letter nor did I receive an explanation as to why they were not answered or when they would be.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 292-8550 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

March 26, 2012
Page 2

In the Initial Scheduling Order, the Court set a discovery end date of May 15, 2012. I am particularly concerned about plaintiff's failure to provide the signed HIPAAs as this case centers on plaintiff's medical condition at the time of the incident (extremely low glucose level (26) and insulin shock) and obtaining medical records from numerous sources, serving the HIPAA forms with a subpoena on each of the medical providers, is often a lengthy and cumbersome process. Moreover, because both plaintiff's medical condition and his alleged economic loss are significant issues in this case, I believe I have to await the return of these documents, as well as his financial records, before I can take a proper and fully inclusive deposition.

Accordingly, I am requesting that the Court intervene in this process.

Thank you for your attention to this matter. Should there be any questions or concerns, I am available at the Court's convenience.

Respectfully submitted,

JEFFREY S. CHIESA
ATTORNEY GENERAL OF NEW JERSEY

BY: /s/ *Vincent J. Rizzo, Jr.*
Vincent J. Rizzo, Jr.
Deputy Attorney General

VJR:vm
Enclosures
c:  Katherine Robinson, Esquire



## State of New Jersey

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0

JEFFREY S. CHIESA
*Attorney General*

CHRISTOPHER S. PORRINO
*Director*

March 16, 2012

<u>VIA FAX AND REGULAR MAIL</u>
Katherine M. Robinson, Esq.
Layser & Freiwald, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, Pa.  19102

RE:  Fried v Woodland Township, et als.
<u>Docket No. 11-cv-02578</u>

Dear Ms. Robinson,

I write to you out of a profound sense of frustration generating by the plaintiff's lack of responsiveness to discovery demands and obligations. Specifically, I refer to the following:

1. On February 2, 2012, six (6) separate HIPAA forms were sent to your office for your client's signature. They have not been returned nor has any explanation for this delay been forthcoming;

2. A response to the defendants' First Supplemental Notice to Produce was due on March 10, 2012. There has been no response, nor an explanation for the lack of response;

3. A response to my Letter of Deficiency was due on February 20, 2012. I have given you a number of extensions to respond but no response has been forthcoming. You have made a number of promises as to when I would receive them. Nothing has been received.



4. Request(s) for dates at which time your client would be available for depositions have been made by defendants. No response has been forthcoming.

Throughout this litigation I have been both cooperative with and responsive to your demands for discovery, (I believe there is nothing outstanding at this time and we have either set dates for my clients' depositions or are in the process of securing them) as well as your requests for extensions of time to answer outstanding discovery. I believe I have been more than fair.

The current discovery end date is May 15, 2012. Considering both the nature and amount of discovery which is still outstanding on your part, as well as the fact that obtaining records pursuant to the service of subpoenas which will accompany the HIPAA forms delivered to the respective medical providers is often a lengthy process, I find myself in a disadvantageous position as regards to the defense of my clients.

Accordingly, if I do not receive a full and complete response to each and all of the above noted outstanding discovery by Friday, March 23, 2012, I will have no choice but to seek the intercession of the Court to resolve this impasse.

Thank you for your immediate attention to this matter.

Very truly yours,

Vincent J. Rizzo, Jr.
Deputy Attorney General