**LAYSER & FREIWALD** P.C.
TRIAL LAWYERS

KATHERINE M. ROBINSON
kmr@layserfreiwald.com

November 30, 2012

Magistrate Judge Karen M. Williams
Mitchell H. Cohen Bldg & U.S. Courthouse
4th Cooper Streets
Room 1050
Camden, NJ 08101

   Re: Fried v. State Trooper Tetzlaff, et al.
     No.: 02578

Dear Judge Williams:

  Plaintiff briefly addresses Defendants' Response to Plaintiff's Motion for Sanctions. Addressing Defendants' two legal arguments in order:

  In Defendants' Legal Point I, Defendants <u>concede</u> the main point: "Plaintiff continually demanded SOPs which dealt with the subject of training troopers to be able to discern between those persons whom they stop or come into contact with suffering from diabetic shock as opposed to being under the influence of drugs or alcohol." Def. Rsp. (Dkt. No. 69) at p. 4. Yes, Plaintiff has requested these materials. Defendants have withheld them.

  Defendants then concede that the investigation that resulted in the late-produced training materials did not occur until late in the discovery phase of this case. *Id.* at p. 5. The emails attached as exhibits to Defendants' Response show that investigations about the training materials at issue began around October 2012. *See, e.g.* Dkt. No. 69-1 at p. 160. This is roughly a year and a half <u>after</u> Plaintiff filed suit.

  Nonetheless, Defendants assert that the delay has not been prejudicial to Plaintiff. This claim is not true. While Plaintiff produced timely expert reports, Plaintiff has produced these reports without the benefit of responses to follow-up discovery that Plaintiff served on October 23 and 24, 2012. *See* discovery cover letters, attached as Exhibit A. This detailed follow-up discovery seeks to determine who received the training referred to in the newly produced materials and why. Plaintiff has been prejudiced by being required to produce expert reports without this important discovery.

  Defendants' Legal Point II shows confusion about the relief Plaintiff seeks. Plaintiff moved for sanctions pursuant to F.R.C.P. 37(c), as cited several times in the Brief. *See* Brief

1500 Walnut Street
Eighteenth Floor
Philadelphia, PA 19102
TEL (215) 875-8000
FAX (215) 875-8575
www.layserfreiwald.com

**LAYSER & FREIWALD, P.C.**

November 30, 2012
Page 2

---

in Support of Motion for Sanctions at pp. 1-2. The standard required for sanctions is clearly met here and sanctions are appropriate.

Defendants allege incorrectly that Plaintiff's Motion violated the Confidentiality Order because Plaintiff attached training materials downloaded from the internet as an exhibit. The Confidentiality Order explicitly exempts from protection any materials available from third parties. To be absolutely clear: Plaintiff referenced and attached a version of the training materials that is publically available.

Plaintiff respectfully requests sanctions in the form of reimbursement for the extensive amount of time counsel has taken seeking discovery due to Defendants' failure to comply with their discovery obligations and any other relief the Court deems appropriate.

Respectfully,

KATHERINE M. ROBINSON

cc: Vincent Rizzo, Esquire