Updated: May 2013

INDIVIDUAL RULES AND PROCEDURES
JUDGE RENÉE MARIE BUMB

Chambers
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101
Tel: (856) 757-5020
Courtroom: 3D

Deputy Clerk
Art Roney
(856) 757-5014

Unless otherwise ordered by the Court, the following rules and procedures apply to all matters before this Court:

**I.  Civil Motion Practice**

  A.  Pre-Motion Conference

  In an effort to resolve cases expeditiously, before bringing a motion to dismiss, motion for summary judgment, motion to remand, or motion for change of venue, a party must submit a letter, not to exceed three (3) single-spaced pages, requesting a pre-motion conference.  The letter must set forth the basis for the anticipated motion and include citations to relevant authority.  Within three (3) business days of receipt of this letter, all adversaries must submit a written response, not to exceed three (3) single-spaced pages.  No party may submit a reply letter.  Generally, affidavits and exhibits are not permitted in connection with pre-motion letters without prior written request and permission.

  Motions will be resolved at the pre-motion conference to the extent possible.  If the Court finds that papers are necessary, the issues to be considered will be defined and a briefing schedule set.

  A party's submission of a pre-motion letter will toll that party's time to file its motion (or answer) through the date of the pre-motion conference.

  This letter exchange does not apply in cases in which either side is *pro se* or in bankruptcy or social security appeals.

  B.  Motion Days and Oral Argument

  The only purpose of a motion's return date or "motion day" is to determine the briefing schedule for that motion.  The Court generally will not hear oral argument on the return date.  Rather, if the Court decides to hear oral argument on any issue, it will advise counsel of the argument date.

  C.  Adjournments

All requests for adjournments or extensions of time, other than those pursuant to Local Rule 7.1(d)(5), must comport with Local Rule 6.1 and include: (1) the date or dates sought to be extended; (2) the number of previous requests for extensions and the Court's rulings; (3) the reason for the current request; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  If the requested extension affects any other scheduled dates, the request must list the proposed change for all such other dates.

D.  Exhibits

To the extent any party submits exhibits to support a motion, such exhibits shall be clearly labeled, dated, tabbed, and indexed.

II. Communications with Chambers

A.  Faxes and E-Mails

Chambers does not accept faxes or e-mail.

B.  Letters

All communications with Chambers shall be by letter electronically filed via ECF. No hard copies of letters shall be delivered to the Court.  *Pro se* parties are exempt from this requirement.

C.  Docketing, Scheduling, or Calendar Matters

For docketing, scheduling, or calendar matters, please contact Courtroom Deputy Art Roney at (856) 757-5014 between the hours of 9:00am and 4:00pm.

D.  Telephone Calls

Please do not contact Chambers with legal or procedural questions that are covered by the Local Rules of this Court or the Federal Rules of Civil Procedure.

III. Submissions

A.  Electronic submissions

All parties, with the exception of *pro se* parties, shall file all documents, in both civil and criminal matters, via ECF.  All papers electronically submitted shall, to the extent possible, be submitted in a text-searchable PDF format.

B.  Courtesy Copies

>The parties shall provide courtesy copies of all briefs and supporting papers consistent with Local Rule 7.1(g).

IV. **RICO Cases**

In all matters in which the complaint contains a RICO claim, pursuant to 18 U.S.C. §§ 1961-1968, the plaintiff(s) must file a RICO Case Statement within thirty (30) days of filing the complaint, in accordance with Appendix O of the Local Rules & Appendices found at: http://www.njd.uscourts.gov/LocalRules.html.

V. **Trials**

>A. <u>Pre-Trial Briefs and *In Limine* Motions</u>
>
>Each party shall submit its pre-trial brief and any *in limine* motions at least <u>three weeks</u> before the start of trial. Any responsive papers shall be submitted at least <u>two weeks</u> before the start of trial.
>
>B. <u>Jury Selection</u>
>
>>1. <u>Jury Questionnaire</u>
>>
>>Counsel for all parties must confer with each other prior to trial and submit a joint jury questionnaire <u>two weeks</u> before trial in hard copy form, accompanied by a disc containing the questionnaire, preferably in Word format. Any additional proposed questions that could not be agreed upon should be submitted by the propounding party to the Court at the same time.
>>
>>2. <u>Juror Voir Dire</u>
>>
>>At trial, prospective jurors will complete the juror questionnaire. Any follow-up questions will be asked by Judge Bumb at sidebar.
>>
>>3. <u>Challenges for Cause and Peremptory Challenges</u>
>>
>>Challenges for cause and any <u>Batson</u> challenges will be heard at sidebar.
>>
>>Peremptory challenges are exercised in writing with counsel marking challenges on a sheet presented to them by the Courtroom Deputy Clerk.
>>
>>Peremptory challenges are exercised in turn, with each side exercising one challenge at a time. In the event there are two passes in succession, the process ends. A pass is otherwise considered a forfeited peremptory challenge.

> The Clerk or the Judge will announce any jurors that are excused.

C.   Jury Charges

Counsel for all parties must confer with each other prior to trial and submit joint requests to charge two weeks before trial in hard copy form, accompanied by a disc containing the charges, preferably in Word format. Any additional proposed charges that could not be agreed upon should be submitted by the propounding party to the Court at the same time. Judge Bumb does not charge the jury on substantive matters at the beginning of trial or mid-trial but will generally charge the jury before counsel make their closing arguments. She provides jurors with a written copy of the jury charge. Counsel are to delineate in their submissions charges they wish to be given before trial, including a joint preliminary statement of the case, and charges they wish to be given at the close of trial. Counsel shall cite to the applicable authority for each proposed charge.

D.   Verdict Sheet

Counsel for all parties must confer with each other prior to trial and submit a joint verdict sheet two weeks before trial in hard copy form, accompanied by a disc containing the verdict sheet, preferably in Word format. If counsel cannot agree on a joint verdict sheet, counsel shall separately submit proposed verdict sheets in the same manner.

E.   Exhibits

Each party shall submit a list of pre-marked exhibits and a witness list, including the name and address (city and state only) of each potential witness, one week prior to trial. All trial exhibits must be pre-marked in accordance with each party's exhibit list. Counsel retain custody of their trial exhibits until closings. Judge Bumb does not send weapons, narcotics, currency and the like into the jury room. If jurors wish to see such an exhibit during deliberations, they are permitted to do so in the emptied courtroom with only a Deputy Marshal present. The prosecuting attorney and/or investigating agency is generally required to maintain custody of exhibits such as weapons, narcotics, or currency during trial.

F.   Juror Note Taking

Judge Bumb allows juror note taking.

G.   Juror Questioning

Judge Bumb does not permit jurors to submit questions to the Court to be posed to witnesses.